**Andris ZARINS; Zigrida A. Zarins, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 01–2524.

United States Court of Appeals, Sixth Circuit.

June 17, 2002.

Before SILER and MOORE, Circuit Judges; and STAFFORD, District Judge.*

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

748

## ORDER

Andris and Zigrida A. Zarins appeal a Tax Court decision in favor of the Commissioner of Internal Revenue finding deficiencies in the Zarinses' income tax due for the taxable years 1994 and 1995. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Commissioner of Internal Revenue issued a notice of deficiency for tax years 1994 and 1995 in the amounts of $7,952 and $4,788, respectively, after the Commissioner concluded that the Zarinses did not operate a tree farm for profit under the Tax Code in those years. The Zarinses filed a timely petition for a redetermination of those deficiencies in the Tax Court, and the government filed its answer. The parties entered into a stipulation of facts, and the Tax Court conducted a trial. Subsequently, the Tax Court entered its memorandum findings of fact and opinion in which it agreed that the Zarinses did not operate their tree farm for profit for tax purposes during 1994 and 1995. After the parties submitted calculations of the deficiencies, the Tax Court adopted the government's calculations of $6,846 for 1994 and $3,794 for 1995, and entered its decision. The Zarinses filed a timely notice of appeal.

On appeal, the Zarinses essentially reiterate their contention that they operated their tree farm for profit in 1994 and 1995. The government responds that the Tax Court's finding that the Zarinses did not operate their tree farm for profit is not clearly erroneous. Upon consideration, we will affirm the decision of the Tax Court because the finding of fact regarding taxpayers' profit motive is not clearly erroneous. *See Holmes v. Comm'r*, 184 F.3d 536, 543 (6th Cir.1999).

Generally, expenses incurred in a trade or business are not deductible pursuant to 26 U.S.C. § 183 unless the activity is "engaged in for profit." *Id.* at 538–39. The Tax Court must consider nine factors enumerated in Treas. Reg. § 1.183–2(b). *Id.* at 543–44. A determination of a deficiency is presumptively correct, and the taxpayer has the burden of proving the determination to be erroneous. *Kenco Rests., Inc. v. Comm'r*, 206 F.3d 588, 596 (6th Cir.2000); *Ekman v. Comm'r*, 184 F.3d 522, 524 (6th Cir.1999). Nonetheless, this court may reverse the Tax Court where it has a definite, firm conviction that a mistake has been made even though the Tax Court's finding is supported by some evidence in the record.

Here, the Tax Court's finding that the Zarinses did not operate their tree farm for profit is not clearly erroneous. The Tax Court properly considered the nine required factors in making its determination, and concluded that five of the factors favor the Commissioner and four are neutral. Essentially, the record reflects that Mr. Zarins worked on the tree farm part time in addition to his full time job as an engineer. In 1994 and 1995, Mr. Zarins worked about 15 to 20 hours a week on the farm. Zarins spent over $10,000 to construct an irrigation pond in 1994, and bought equipment for the farm in 1994 and 1995. However, the pond became the subject of two years of litigation involving the Ohio Department of Natural Resources. Also, the record reflects the Zarinses did little planning and kept few records, and made little effort to sell any trees in 1994 and 1995. The tree farm lost money from 1993 to 1997, and made a profit of $201 in 1998, when business expenses totaled only $4,069. Petitioners deducted losses from the farm of $28,080 in 1994 and $16,699 in 1995.

Under these circumstances, the Tax Court's conclusion that petitioners did not meet their burden of showing a profit motive is not clearly erroneous. Although the record reflects that Mr. Zarins performed significant work on the tree farm, the Zarinses did not produce significant evidence that the farm was operated in a business-like manner, particularly in the years at issue herein. Accordingly, the Tax Court's conclusion is not clearly erroneous.

For the foregoing reasons, the Tax Court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.